IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JULIE MCGROTHA, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | 5:05-CV-391 (CAR) |
| | : | |
| FED EX GROUND PACKAGE SYSTEM, | : | |
| INC. D/B/A FED EX GROUND and | : | |
| VAN HAYES, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

**I.   INTRODUCTION**

Plaintiff Julie McGrotha ("Plaintiff" or "McGrotha") instituted this action alleging, inter alia, that Defendant Fed Ex Ground ("Fed Ex") sexually discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2005).  Before this Court is McGrotha's Motion to Amend Pleading (doc. 18).  For the reasons stated below, McGrotha's motion is **DENIED**.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

For four years and nine months, McGrotha was employed with Fed Ex as an administrative clerk in a facility located in Macon, Georgia ("Macon facility").  On

February 1, 2005, Fed Ex terminated McGrotha's employment. Several days after McGrotha's termination, a Fed Ex customer named John Holden lodged a complaint with the Macon facility. In his complaint, Holden claimed that he had received several collection notices for a collect-on-delivery (COD) shipment for which he had already paid.[1] Tad Fuqua, a Fed Ex security specialist, investigated the complaint. When Fuqua asked Holden for a description of the employee who processed his COD payment, Holden described the employee as a lady with reddish hair who was working at the counter. Holden also indicated that, when he asked the employee for change, another employee present during the transaction made change for him.

Based on the information Holden provided, Fuqua determined that McGrotha was the female employee who handled Holden's transaction, and that Connie Harvey was the employee who made change for Holden. Fuqua then unsuccessfully researched Fed Ex's cash logs in an effort to determine what happened to the cash Holden gave McGrotha. Because the funds that Holden gave McGrotha that day were not in the cash logs, the funds were deemed missing and presumed stolen. Once Fuqua came to this conclusion, he filed a police report with the Macon Police Department on or about February 11, 2005. Three

---

[1] Generally, Fed Ex does not permit customers to pick up COD packages without paying the amount due on the shipment first.

days after Fuqua completed his investigation and referred the matter to the Macon Police Department, McGrotha filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Fed Ex did not receive formal notice of McGrotha's February 2005 discrimination charge until March 4, 2005.

Investigator B. Tweedy of the Macon Police Department conducted an investigation into the alleged theft. During his investigation, Tweedy spoke with both Holden and Harvey. In her statement, Harvey acknowledged making change for Holden and seeing Holden give McGrotha the money. At the conclusion of his investigation, Tweedy secured a warrant for McGrotha's arrest.

On October 25, 2005, McGrotha filed the instant Title VII action, asserting claims against Defendant Fed Ex for: (1) sexual harassment; (2) failure to promote; and (3) wrongful discharge. McGrotha's Complaint also included a defamation claim against her former supervisor, Van Hayes. (Compl., doc. 1, Counts I-IV.) On November 29, 2005, McGrotha was arrested for theft by taking. On December 5, 2005, McGrotha filed a second charge of discrimination with the EEOC, alleging that Fed Ex pursued criminal charges against her in retaliation for the February 2005 charge of discrimination she filed with the EEOC. McGrotha now seeks to add the arrest-based retaliation claim outlined in her December 2005 discrimination charge to her Complaint.

## III. LEGAL DISCUSSION

Typically, Federal Rule of Civil Procedure 15(a) governs the pre-trial amendment of pleadings and provides that, once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court . . . [and] leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(d), on the other hand, permits courts "upon motion of a party . . . upon reasonable notice and upon such terms as are just [to] permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d).

While Rule 15(a) and Rule 15(d) appear to offer similar relief, the rules differ in two respects. Rule 15(a) relates "to matters that occurred *prior to* the filing of the original pleading and entirely replace the earlier pleading." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1504 (1971) (emphasis added). Rule 15(d), however, deals "with events *subsequent to* the pleading to be altered and merely represent additions to or continuations of the earlier pleadings." *Id*. Notwithstanding the subtle differences between these two rules, "the formal distinction between amendment and supplementation is of no consequence," and courts routinely apply Rule 15(a)'s "freely given" standard to Rule 15(d) motions to supplement. *Id*. Here, because McGrotha is

4

seeking to add a retaliation claim that allegedly arose *after* she filed her Complaint, the Court will hereinafter refer to her Motion to Amend as a Rule 15(d) motion to supplement.

Due to the post-discovery posture of this case, the Court must take into consideration an additional rule of civil procedure when evaluating McGrotha's Rule 15(d) motion. Rule 16(b) directs district courts to enter a scheduling order "that limits the time . . . to join other parties[,] [ ] to amend the pleadings, [and] to file motions." Fed. R. Civ. P. 16(b). Once such an order has been entered, it "shall not be modified except upon a showing of good cause and by leave of the district judge." *Id*.

As is clear from the language used in each, Rule 15(d) and Rule 16(b) incorporate different standards for supplementing pleadings. If a motion to supplement is filed within the time prescribed by the scheduling order, a court's evaluation of whether supplementation is proper is primarily guided by Rule 15(a)'s "freely given" standard. *See Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998). When a motion to supplement is filed after the scheduling order's deadline, however, a party must first demonstrate good cause under Rule 16(b) before a court can consider whether supplementation is proper under Rule 15(d). *See **id.***

The scheduling order in this case, entered on April 11, 2006, required any motions seeking to "join . . . claims to the current action" to be filed on or before April 15, 2006.

(Sched. Order, doc. 16, at 5.) McGrotha did not file her motion to supplement until August 10, 2006. Because McGrotha's motion to supplement was filed after the deadline set forth in the scheduling order, she will not be permitted to supplement her Complaint unless she first is able to show "good cause" for doing so under Rule 16(b). If McGrotha is able to make such a showing, the Court will then examine whether supplementation is proper under Rule 15(d).

**A.**     *Motion to Modify Scheduling Order Pursuant to Rule 16(b)*

Rule 16(b)'s good-cause standard "precludes modification [of the scheduling order's filing deadlines] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed R. Civ. P. 16 advisory comm. note).

In support of her motion, McGrotha maintains that she could not have sought leave to supplement her Complaint any earlier than she did because she had to fulfill certain procedural requirements before she could seek relief in this Court. Specifically, McGrotha was required to file a charge of discrimination with the EEOC and to receive a right-to-sue letter from same before pursuing her second retaliation claim in this court. *See* **Forehand v. Fla. State Hosp.**, 89 F.3d 1562, 1567-68 (11th Cir. 1996). The earliest point at which a charging party can request a right-to-sue letter from the EEOC is 180 days from the date

6

the discrimination charge is filed. 42 U.S.C.A. § 2000e-5(f)(1). Here, because McGrotha filed her second discrimination charge with the EEOC on December 5, 2005, the earliest date on which she could have requested a right-to-sue letter was June 5, 2006.

The Court acknowledges that McGrotha could not have, with due diligence, met the April 15, 2006 deadline for filing her motion to supplement because, at that point, she could not have requested a right-to-sue letter from the EEOC. Had McGrotha requested a right-to-sue letter once the 180-day deadline expired, though, she could have sought leave to add her arrest-based retaliation claim as early as June 2005—approximately two months before discovery expired. Instead, McGrotha waited until August 10, 2006—just two business days before discovery expired—to seek permission to supplement her Complaint, and it is unclear whether McGrotha ever requested a right-to-sue letter for her second discrimination claim. Thus, because McGrotha failed to exercise due diligence in seeking to supplement her complaint, the Court finds that she has not shown good cause for modifying the deadline for filing motions to supplement set forth in the Court's scheduling order. Ordinarily, this finding would end the Court's analysis. Yet, even if McGrotha had demonstrated good cause for modifying the scheduling order, her motion would still be denied because she cannot demonstrate that supplementation is proper under Rule 15(d).

**B.**     *Motion to Supplement under Rule 15(d)*

Leave to supplement "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).[2] "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the [supplement], futility of [supplementation], etc." leave to supplement a pleading "should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted). The decision of whether to grant leave to supplement is within the sound discretion of the trial court. *See Jameson v. Arrow Co.*, 75 F.3d 1528, 1534-35 (11th Cir. 1996).

In support of her motion, McGrotha points to 15(d)'s liberal standard, and insists that "[d]isposing of all of Plaintiff's claims will promote judicial economy and save the parties time and money." (Pl.'s Br. Supp. Mot. Am., doc. 18, 1.) Defendants disagree, and contend that McGrotha's motion should be denied because: (1) "add[ing] the post-termination retaliation charge would be futile"; and (2) permitting McGrotha to add her

---

[2] As previously noted, the Rule 15(a) standard governing motions to amend articulated in *Foman* applies equally to motions to supplement filed pursuant to Rule 15(d). *See Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) ("An application for leave to file a supplemental pleading is addressed to the discretion of the court, and permission should be freely granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party.") (citations omitted).

arrest-based retaliation claim "at this late stage would be prejudicial to [them]." (Defs.' Br. at 8, 10, 13). The Court will address Defendants' arguments in turn.[3]

***(1) Would supplementation of McGrotha's complaint be futile?***

First, Defendants submit that permitting McGrotha to supplement her complaint to include her arrest-based retaliation claim would be futile because "the indisputable facts demonstrate that her claims based on th[at] . . . charge of discrimination would fail outright." (Defs.' Br. 9.) According to Defendants, because they initiated a police investigation into the missing money *before* they received notice from the EEOC that McGrotha had filed a charge of discrimination, McGrotha's claim that she was arrested in retaliation for filing the February 2005 discrimination charge fails as a matter of law.

Title VII prohibits an employer from retaliating against an employee because the employee "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3. "[T]o establish a prima facie case of retaliation under Title VII, a plaintiff must prove the following elements: (1) [she] participated in an activity protected by Title VII; (2) [she] suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision." ***Gupta v.***

---

[3] Having previously concluded under Part II(A), *supra*, that McGrotha unduly delayed in filing her motion, the Court will not revisit that issue here.

9

*Fla. Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000). To prove a causal connection between an employee's protected activity and the adverse employment action, the employee must show that: (a) "the decision-makers were aware of the protected conduct"; and (b) "the protected activity and the adverse employment action were not wholly unrelated." *Id.* at 590.

Because McGrotha did not include with her motion to supplement a proposed complaint incorporating the additional retaliation charge she hopes to bring, the Court is left to speculate as to the legal basis for that claim. In her motion, McGrotha states that "[a]s a result of her arrest, [she] filed a charge of discrimination with the [EEOC] based upon retaliation." (Pl.'s Mot. ¶ 2.) Even assuming that Defendants' decision to file a police report about the missing money somehow constituted an adverse employment action, McGrotha cannot establish a prima facie case of retaliation.

The Court infers, based on McGrotha's motion, that she intends to allege that Fed Ex retaliated against her for filing her initial discrimination charge, which is a protected activity under Title VII. The record clearly shows, however, that McGrotha did not file her discrimination charge until February 14, 2005—several days *after* Fed Ex initiated the investigation and reported its findings to the police. Because the current record demonstrates that Fed Ex was unaware of McGrotha's discrimination charge when it began its investigation and when it referred its findings to the police, McGrotha likely cannot

establish a causal connection between the protected activity (filing of initial discrimination charge) and the adverse employment action (police investigation). Absent a demonstrated causal connection between McGrotha's protected activity and the adverse employment action, McGrotha is unable to establish a prima facie case of retaliation. Therefore, permitting McGrotha to supplement her complaint to include that claim would be futile.

*(2) Would the addition of McGrotha's arrest-based retaliation claim be prejudicial to Defendants?*

According to McGrotha, the fact that she filed her motion to supplement so close to the end of discovery is of little consequence because "the factual basis of the new charge is the same as that of this case"; thus, the addition of the new claim would "not require additional time for discovery." (Pl.'s Mot. Am., doc. 18, at ¶ 3.) In Defendants' view, however, granting McGrotha's motion would prejudice them because the Court would be required to reopen discovery, at a "substantial cost to [them]." (Defs.' Br. Opp. Pl.'s Mot. Am., doc. 19, at 13.) To defend against McGrotha's new claim, Defendants "would need to re-depose Plaintiff regarding the missing COD money incident, depose Mr. Holden, the customer, Ms. Harvey, the witness, and Officer Tweedy, the police investigator." (Defs.' Br. 14.) Defendants also believe that, following the reopening of discovery (if permitted),

11

they would incur additional expenses in the way of "legal fees for the dispositive motions to fight these meritless additional allegations." (Defs.' Br. 14.)

Following the close of discovery in this case, Defendants filed a Motion for Summary Judgment (doc. 22), which is currently awaiting this Court's disposition . Given the current posture of the case, the Court finds that Defendants would be prejudiced if McGrotha were permitted to add her new retaliation claim at this stage of the proceedings. While the addition of the arrest-based retaliation charge would not warrant additional discovery from McGrotha's perspective, Defendants would have to engage in additional discovery at a substantial cost to defend against her new claim. Reopening discovery would also delay the Court's disposition of Defendants' summary-judgment motion, and might require Defendants to file an additional summary-judgment motion following the expiration of the reopened discovery period. Had McGrotha been more diligent in pursuing her second retaliation claim, she could have sought leave to supplement her Complaint with enough time remaining in the original discovery period for Defendants to depose the necessary witnesses, conduct any additional discovery, and include an argument in opposition to the arrest-based retaliation claim in its summary-judgment motion. But McGrotha did not timely request a right-to-sue letter from the EEOC, and chose instead to file a motion to supplement shortly before the close of discovery.

Moreover, McGrotha's likelihood of succeeding on her new retaliation claim, as previously noted, is questionable at best. Based on the foregoing, the Court cannot grant McGrotha's motion to supplement because to do so would be prejudicial to Defendants.

## III. CONCLUSION

Accordingly, because McGrotha has not demonstrated that good cause exists for modifying the Court's scheduling order under Rule 16(b), or that supplementation is warranted under Rule 15(d), McGrotha's Motion To Amend Pleading (doc. 18) is hereby **DENIED**.

SO ORDERED, this 24th day of February, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

JAB/ehe