THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JULIE McGROTHA, | : |
| Plaintiff, | : |
| | : Civil Action |
| v. | : No. 5:05-cv-391 |
| | : |
| FED EX GROUND PACKAGE | : |
| SYSTEM, INC., d/b/a | : |
| FED EX GROUND, and | : |
| VAN HAYES, | : |
| Defendants. | : |

## ORDER ON MOTION FOR RECONSIDERATION

Defendant Fed Ex Ground Package System, Inc. ("Fed Ex") has moved the Court to reconsider its Order of May 9, 2007, granting in part and denying in part Fed Ex's motion for summary judgment (Doc. 31). Specifically, Fed Ex objects to that portion of the Order finding that there are genuine issues of material fact related to Plaintiff's cooperation with a Fed Ex internal investigation of a theft from a company safe. Upon review of the Order and the arguments of counsel, and upon revisiting the evidentiary materials submitted in connection with the original motion for summary judgment, the Court finds no reason to reverse its decision. Accordingly, the motion for reconsideration (Doc. 32) is **DENIED**.

In the interests of judicial economy and finality, motions for reconsideration are generally disfavored. As such, a motion for reconsideration of an interlocutory order will be granted only where the moving party shows that "there has been an intervening change in the law, that new evidence has been discovered which was not previously available to the parties in the exercise of

1

due diligence, or that the court made a clear error of law." McCoy v. Macon Water Authority, 966 F. Supp. 1209, 1222-23 (M.D.Ga. 1997). To merit reconsideration, a party "must set forth facts or law of a strongly convincing nature." Id. (quoting Sussman v. Salem, Saxon & Nielson, P.A., 153 F.R.D. 689, 694 (M.D.Fla. 1994).

Fed Ex has failed to set forth facts or law of a sufficiently convincing nature to induce the Court to reverse its prior decision. There has been no intervening change in the law and Fed Ex has presented no new evidence. To merit reconsideration, therefore, Fed Ex must show that the Court misinterpreted the evidence or the law in making its original finding. Although Fed Ex has argued that the Order overlooked certain facts, a second examination of the evidentiary materials on file in this case only reinforces the Court's prior conclusion. There is evidence in this case sufficient to create questions of fact regarding the degree of Plaintiff's cooperation with the Fed Ex investigation and the degree to which her alleged lack of cooperation influenced the decision to terminate her employment.

Based on Plaintiff's testimony and other corroborating evidence, a jury could find that Plaintiff cooperated in the investigation and answered the questions posed by Fed Ex's internal investigator, Tad Fuqua. On motion for summary judgment, the Court may not make credibility determinations and must draw all reasonable inference s in favor of the non-moving party. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000). Plaintiff has testified that Fuqua asked her about the keys to the safe and that she denied having a key. Plaintiff informed Fuqua that only Van Hayes and Michael Tran had keys. When Fuqua told Plaintiff that there was a videotape showing Plaintiff accessing the safe on three consecutive days, Plaintiff stated that she went into the safe only when asked by management and that on those occasions she received a key from Hayes.

Plaintiff's Dep., pp. 130-134; Ex. 15. Plaintiff asked to see the videotape. When Fuqua refused to show her the tape, Plaintiff went to Hayes for assistance, then called a regional management employee superior to Hayes. After speaking with Hayes' superior, Plaintiff returned to the interview with Fuqua. Plaintiff's Dep., p. 144. When she began to perceive the interview as threatening, Plaintiff stated that she no longer had anything to say without an attorney present, and returned to her desk. Id. She was discharged later that day.

This evidence is significant in two respects. First, it contributes to Plaintiff's prima facie case of discrimination in that it indicates that Plaintiff was treated differently from a similarly situated male employee. Second, it could be construed as evidence of pretext, as it casts doubt on the legitimate non-discriminatory reasons proffered by Fed Ex to explain Plaintiff's discharge.

As to the prima facie case, there is evidence that Fed Ex had equal reason to suspect a male employee, Michael Tran, of committing the thefts that were under investigation. Plaintiff has testified that Hayes directed her to enter the safe on the occasions in question because Hayes suspected Tran of stealing. Plaintiff's Dep., p. 138-39. Tran had been reprimanded on several prior occasions for mishandling company funds. Hayes Dep., p. 65; Ex. 3. Tran had a key to the safe and was shown on the videotape accessing the safe. Fuqua Dep., p. 18. The only evidence that the missing money had ever been deposited in the safe in the first place was Tran's statement that he placed the money in the safe on the night of January 10 and found it missing the following day. Fuqua Dep., pp. 16-17.

Although both employees were suspected of the theft, and there was some evidence to support these suspicions as to both employees, Plaintiff was discharged and Tran was not. Fed Ex contends that Tran was not similarly situated to Plaintiff because he cooperated with the

3

investigation, whereas Plaintiff did not. Based on the evidence before the Court at this time, a reasonable jury could reject this contention. Both Plaintiff and Tran were questioned by Fuqua about the thefts and both denied it. Plaintiff also answered Fuqua's questions about how she had a key to the safe and why she was seen accessing the safe. Fed Ex has not shown that there were any specific questions that Plaintiff refused to answer, only that Plaintiff refused to admit to committing the crime. A jury might well conclude that the only difference between the "cooperation" provided by Tran and Plaintiff is that Plaintiff became more emotional when accused of the thefts and eventually terminated the interview when it became excessively threatening.

On the same evidence a jury could also find that the non-discriminatory reason proffered by Fed Ex was a pretext for discrimination. Apparently conceding that it had as much (if not more) reason to suspect Tran of the theft as it did to suspect Plaintiff, Fed Ex contends that it discharged Plaintiff not for the theft itself but for "integrity issues" arising from her failure to cooperate with Fuqua's investigation. Because a reasonable jury could conclude that Plaintiff did cooperate and answer Fuqua's questions, although perhaps not in the manner Fuqua would have preferred, the credibility of this explanation is called into question. Thus there are genuine issues of material fact as to whether this reason for discharge was mere pretext to cover a discriminatory motive. These issues must be weighed by a trier of fact. As to Plaintiff's claim of discriminatory discharge, Fed Ex is not entitled to summary judgment.

**SO ORDERED**. This 19th day of December, 2007.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

chw

4